IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHAD JOHNSON,

    Plaintiff,

v.

KATE BROWN and KRIS STRICKLER,

    Defendants.

Case No. 1:22-cv-01002-CL

**OPINION AND ORDER**

CLARKE, United States Magistrate Judge:

Plaintiff Chad Johnson, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendants Kate Brown, Governor of Oregon, and Kris Strickler, Director of the Oregon Department of Transportation. For the reasons stated below, Plaintiff's Complaint (ECF No. 2) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (ECF No. 1) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in a United States District Court must

pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, a court must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, a court should construe pleadings by a *pro se* plaintiff liberally and afford a *pro se* plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).

Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff appears to assert a claim against Defendants under 42 U.S.C. § 1983 for violations of the Fifth, Eighth, and Fourteenth Amendments. *See* Compl. 1, ECF No. 2. Plaintiff alleges that, after accepting a plea deal in state court DUI proceedings, Plaintiff was instructed to install an ignition interlock device ("IID") in his vehicle to avoid the suspension of his driver's license. *Id.* at 2. Plaintiff alleges the installation of the IID in his vehicle violates his constitutional rights. *Id.* at 2–7. For the reasons that follow, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

In relevant part, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege: first, the violation of a right secured by the Constitution or laws of the United States; and second, that the alleged deprivation was committed or caused by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff fails to identify what acts Defendants committed and in what capacity Defendants acted. Nowhere in the Complaint does Plaintiff address how Defendants Brown and Strickler are involved in the constitutional deprivations Plaintiff has allegedly suffered. Accordingly, the Complaint fails to state a claim upon which relief can be granted.

It is unclear whether amendment will cure the deficiencies in Plaintiff's Complaint. Out of an abundance of caution, the Court will dismiss without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. To the extent Plaintiff alleges that Defendants' acts violated his civil rights, Plaintiff must identify Defendants' specific acts against him to show why he is entitled to relief.

## ORDER

Plaintiff's Complaint (ECF No. 2) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff is advised that failure to file an amended complaint within the allotted time, or failure to cure the deficiencies identified above, will result in the case being dismissed with prejudice. Plaintiff's IFP application (ECF No. 1) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

It is so ORDERED and DATED this 6th day of October, 2022.

MARK D. CLARKE
United States Magistrate Judge